IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 7:17-CR-13-001(HL) |
| CRONTIS LOUIS COBB | |

**ORDER ON MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

Upon motion of ✓ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction),

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served:

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____
_____
_____
_____
_____
_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records [medical, institutional, administrative] relevant to this motion.

√ DENIED after complete review of the motion on the merits.

   √ FACTORS CONSIDERED (Optional)

   Federal prisoner Crontis Louis Cobb, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the following reasons, the motions are **DENIED.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court.  Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements 18 U.S.C. § 3582(c)(1).  The policy statements and accompanying application notes provide guidance on the grounds for compassionate release.  USSG § 1B1.13.  However, the policy statements were not

amended after the amendment allowing prisoners to file direct motions for compassionate release. Thus, when adopted, the policy statements applied only to motions filed by the Director of the Bureau of Prisons. This has led several circuits to hold that the policy statements are not "applicable" to prisoner-filed motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). On May 7, 2021, the 11th Circuit addressed the issue in its ruling in *United States v. Bryant* (996 F.3d 1243. 1247 (11th Cir. 2021)) and ruled that USSG § 1B1.13 is still an "applicable policy statement for an 18 U.S.C. § 3582(c)(1)(A) motion."

After careful and complete review of the motion and supporting information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13 to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction), these motions are **DENIED.**

As previously stated, the 11th Circuit held in *United States v. Bryant*, 996 F.3d 1243. 1247 (11th Cir. 2021) that the policy statement and commentary found at USSG § 1B1.13 are applicable and limits a prisoner-filed motion for compassionate release. According to USSG §1B1.13, only four circumstances qualify as extraordinary and compelling reasons. First, extraordinary, and compelling reasons may exist based on the medical condition of the defendant, if determined that the defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end-of-life trajectory) or the defendant's ability to provide self-care within the correctional facility environment is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition, a serious functional or cognitive impairment or a deterioration of physical or mental health because of the aging process. Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the defendant is at least 65 years of age, experiencing a serious deterioration in physical or mental health because of the aging process and has served at least 10 years or 75% of his term of imprisonment, whichever is less. Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the defendant's minor child or children dies or becomes incapacitated, or when the defendant's spouse or registered partner becomes incapacitated, and the defendant would be the only available caregiver for the spouse or registered partner. Fourth, extraordinary and compelling reasons may be present as determined by the Director of the Bureau of Prisons.

The Court has reviewed the defendant's BOP health records and note that the defendant is diagnosed with Hypertension and utilizes a CPAP machine. However, according to his health records, it does not appear that his medical condition is substantially diminishing his ability to provide self-care within the environment of the correctional setting and from which he is not expected to recover, in accordance with USSG 1B1.13.

The Court has also reviewed the defendant's presentence investigation based on his request for his sentence to be vacated and corrected. The Court does not find cause to consider the defendant's request based on the facts of his case.

Cobb has failed to satisfy the requirements for granting compassionate release based on extraordinary or compelling reasons. Accordingly, his motions are **DENIED**.

The Court also notes there is no record the defendant has exhausted available remedies for a reduction in sentence through available means within the Bureau of Prisons. However, since the Court's ruling is based on the merits of this case, the Court would have denied the motion regardless. Therefore, if it is determined by the Bureau of Prisons that the defendant has exhausted those administrative remedies, this Court's decision in this matter would not change.

Regarding the defendant's request for appointment of counsel, there is no constitutional or statutory right to appointed counsel for a motion to modify a term of imprisonment under 18 U.S.C. § 3582(c). *See United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009) (specifically addressing motions under § 3582(c)(2)). Courts retain discretion, however, to appoint counsel in "instances in which equitable concerns would make appointment of counsel appropriate to ensure a just outcome." *Id.*, at 795, n. 4. Here, the factual and legal issues related to the defendant's compassionate release motion are straightforward and do not present the sort of complexity that would require assistance of counsel. As such, the defendant's request for appointment of counsel is also **DENIED**.


☐ DENIED WITHOUT PREJUDICE because the defendant has neither exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A); nor have 30 days lapsed since receipt of the defendant's request by the Warden of the defendant's facility.

So ordered this __31st__ day of _____July_____, 2023.

                                                          s/Hugh Lawson  
                                                          HUGH LAWSON  
                                                          SENIOR U.S. DISTRICT JUDGE